

21st Floor
1251 Avenue of the Americas
New York, NY  10020-1104

**Rachel F. Strom**
212-403-4069 tel
212-489-8340 fax

Rachelstrom@dwt.com

October 29, 2020

**BY ECF**
Honorable Alison J. Nathan
United States District Judge
Southern District of New York
40 Foley Square, Room 2102
New York, New York 10007

      Re:    *BYD Company Ltd. v. VICE Media LLC* (20-cv-03281)

Dear Judge Nathan:

      This firm represents defendant VICE Media LLC ("VICE") in the above-captioned action. Because the Court-ordered temporary stay of discovery in this action expires on November 6, 2020, and in advance of the parties' November 13, 2020 initial conference, we write to request an informal conference to request that the Court extend the discovery stay in this matter until a decision is issued on VICE's Motion to Dismiss the Complaint (the "Motion"). Per this Court's Individual Rule of Practice 2.B, we conferred with counsel for Plaintiff BYD Company, Ltd. ("BYD") via telephone on October 28, 2020, and the conference was unable to resolve this issue.

      Discovery in this case would be extensive and costly—much of it would occur in China in the middle of a global pandemic. On the other hand, VICE believes that its pending Motion is extremely strong. And, if granted, the Motion would obviate the need for discovery in this case in full. For these reasons, VICE seeks a short discovery stay until this Court decides the Motion.

      By way of background, this case arises from an article published by VICE that investigated BYD—a Chinese electric vehicle manufacturer—following an announcement that BYD had secured a $1 billion contract with California to produce personal protective equipment during the COVID-19 pandemic. The article discussed an Australian Strategic Policy Institute ("ASPI") report, which found that BYD benefitted from the use of Uyghur forced labor in its supply chain, and provided information about a law that banned BYD from supplying its vehicles to federally funded projects in the United States. BYD challenges two statements in the article—*First*, BYD claims that it was defamatory to state that it "was one of 83 companies identified in the report as using Uighur forced labor in its supply chain," even though the report clearly states that "under conditions that strongly suggest forced labor, Uyghurs are working in factories that are <u>in the supply chains</u> of at least 83 well-known global brands[,]" including BYD. *Second*, BYD claims the article's headline—which states that President Trump "blacklisted" BYD—is defamatory,

DWT.COM

Anchorage | Bellevue | Los Angeles | New York
Portland | San Francisco | Seattle | Washington, D.C.

Hon. Alison J. Nathan
October 29, 2020
Page 2

even though BYD was one of two companies prohibited by law from supplying vehicles to federal projects, and BYD itself admitted that the law signed by the President was "targeting" it.

On August 13, 2020, the parties submitted a joint letter to the Court setting a briefing schedule for VICE's Motion and requesting that the Court issue a temporary discovery stay. *See* ECF No. 12. In the letter, VICE indicated that it "intends to file a motion to stay all discovery pending resolution on its motion to dismiss." *Id.* On August 15, 2020, this Court stayed all discovery through November 6, 2020. *See* ECF No. 13. VICE's motion is now fully briefed, and VICE seeks to stay all discovery in this matter until the Court rules on the pending Motion, which could dispose of the need to take any discovery in this case.

Pursuant to Federal Rule of Civil Procedure 26(c)(1), a district court has broad discretion to stay discovery "for good cause." *See Integrated Sys. & Power, Inc. v. Honeywell Intern., Inc.*, No. 09CV5874, 2009 WL 2777076, at *1 (S.D.N.Y. Sept. 1, 2009). "In considering a motion for a stay of discovery pending a dispositive motion, a court should consider the breadth of discovery sought and the burden of responding to it, as well as the strength of the underlying motion," as well as any prejudice that would result from the stay.*Id.*; *see also O'Sullivan v. Deutsche Bank AG*, No. 17CIV8709, 2018 WL 1989585, at *4 (S.D.N.Y. Apr. 26, 2018) ("[A] court determining whether to grant a stay of discovery pending a motion must look to the particular circumstances and posture of each case.) (internal quotes omitted); *Spencer Trask Software & Info. Servs., LLC v. RPost Int'l Ltd.*, 206 F.R.D. 367, 368 (S.D.N.Y. 2002) ("Good cause may be shown where a party has filed a dispositive motion, the stay is for a short period of time, and the opposing party will not be prejudiced by the stay.").

Here, each of these three factors supports granting VICE's motion to stay:

***First***, a stay of discovery is appropriate where a motion has "substantial grounds," and "do[es] not appear to be without foundation in law."*Johnson v. N.Y. Univ. School of Educ.*, 205 F.R.D. 433, 434 (S.D.N.Y. 2002) (internal quotes omitted). A stay is especially prudent where a motion puts forth "multiple, independent arguments for dismissal."*Integrated Sys. & Power*, 2009 WL 2777076, at *1; *Rivera v. Heyman*, No. 96CV4489, 1997 WL 86394, at *1 (S.D.N.Y. Feb. 27, 1997) (granting stay where motion to dismiss was not "merely a delay tactic" and had more than a "minimal probability of success"). VICE's Motion is strong. It offers numerous grounds for why BYD's Complaint fails to state a claim, including that BYD has not—and cannot—plead actual malice, VICE's reporting is protected by the neutral report privilege, and the article's headline is both privileged under New York Civil Rights Law § 74 and is a fair index of the article's contents. The Motion will dispose of the entire action, rendering any discovery moot.[1]

---

[1] Even if VICE's motion is only granted in part, because there are two challenged statements covering entirely separate topics, discovery could be vastly narrowed by the Court's decision.

Hon. Alison J. Nathan
October 29, 2020
Page 3

    *Second*, discovery in this case is likely to be far-reaching.  Because "truth is an absolute defense to a libel action," *Boehner v. Heise*, 734 F. Supp. 2d 389, 398 (S.D.N.Y. 2010), and because one of the challenged statements in this case is that BYD "used forced Uyghur labor in its supply chain," VICE is necessarily required to take discovery from numerous Chinese entities including BYD, Dongguan Yidong Electronic Co. Ltd. (a Chinese supplier to BYD), and Hubei Precision Manufacturing Co. (Dongguan's subsidiary that, according to the ASPI report, received a transfer of Uyghur laborers).  VICE will also need to take discovery from ASPI—an Australian entity, and will likely need discovery from members of Congress in order to establish the intent of the law that BYD itself claims "target[ed]" it.  Given the COVID-19 global pandemic, VICE anticipates that this discovery will be logistically challenging and extremely costly.  If VICE's Motion is granted, the expense of this discovery will be entirely needless.

    *Third*, at the parties' meet and confer, BYD's counsel did not identify any particular prejudice BYD would suffer if the stay is granted.  Nor could they.  The requested stay is only for a "short period of time" since VICE's Motion is already fully briefed and ready for a decision.  *See Rivera*, 1997 WL 86394, at *1 ("A stay pending determination of a dispositive motion that potentially eliminates the entire action will neither substantially nor unduly delay the action, should it continue.").  If Plaintiff believes immediate discovery is necessary because witnesses' memories may fade with the passage of time, courts have held that "any marginal impact on the evidence and/or memories of witnesses does not outweigh the substantial burden and expense of conducting time-consuming fact and expert discovery on all issues in [a] case pending a decision on a potentially dispositive motion." *Bethpage Water Dist. v. Northrop Grumman Corp.*, No. 13CV6362, 2014 WL 6883529, at *3 (E.D.N.Y. Dec. 3, 2014).  That is particularly true here, where courts have recognized that the cost of discovery can chill a news organization's First Amendment rights to report the news.  *See Karaduman v. Newsday, Inc.*, 51 N.Y.2d 531, 545 (1980) ("[T]hreat of being put to the defense of a lawsuit . . . may be as chilling to the exercise of First Amendment freedoms as fear of the outcome of the lawsuit itself.") (internal quotes omitted).

    In sum, because discovery in this case will span international borders and be extraordinarily costly, VICE respectfully requests that the Court hold an informal conference and issue an order staying all discovery in this action until the resolution of VICE's Motion.  We thank you for your consideration of this matter.

                                            Respectfully submitted,

                                            /s/ Rachel F. Strom

                                            Rachel F. Strom

cc:     All counsel of record (via ECF)