

132 S. RODEO DRIVE, FOURTH FLOOR
BEVERLY HILLS, CA 90212 · 424.203.1600

100 PARK AVENUE, SIXTEENTH FLOOR
NEW YORK CITY, NY 10017 · 212.799.1400

WWW.HARDERLLP.COM

October 30, 2020

**FILED AND SERVED ELECTRONICALLY**
Hon. Alison J. Nathan
United States District Court for the Southern District of New York
40 Foley Square, Room 2102
New York, NY  10007

      Re:    *BYD Company Ltd. v. VICE Media LLC*, No. 20-CV-03281

Dear Judge Nathan:

      This firm represents Plaintiff BYD Company Ltd. ("BYD") in the above-captioned action.  We write to respond to Defendant VICE Media LLC's ("VICE") October 29 request for an informal conference regarding its request for this Court to extend the discovery stay in this case pending a ruling on VICE's Motion to Dismiss the Complaint (the "Motion to Dismiss").

      BYD does not oppose VICE's request for an *informal conference* concerning its request for a discovery stay, but BYD does oppose the request for the stay itself.  "A motion to dismiss does not automatically stay discovery, except in cases covered by the Private Securities Litigation Reform Act" and "'discovery should not be routinely stayed simply on the basis that a motion to dismiss has been filed.'"  *Hong Leong Fin. Ltd. (Singapore) v. Pinnacle Performance Ltd.*, 297 F.R.D. 69, 72 (S.D.N.Y. 2013) (quoting *Moran v. Flaherty*, 1992 WL 276913, at *1 (S.D.N.Y. 1992).  "'Had the Federal Rules contemplated that a motion to dismiss under Fed. R. Civ. P. 12(b)(6) would stay discovery, they would contain such a provision.'" *In re Chase Manhattan Corp. Sec. Litig.*, No. 90 CIV. 6092 (LMM), 1991 WL 79432, at *1 (S.D.N.Y. 1991) (quoting *Moss v. Hollis*, 1990 Fed.Sec.L.Rep. (CCH) ¶ 95,443 at 97,260 (D.Conn. 1990)).

      In fact, one of the cases cited by VICE in its letter to the Court sets forth exactly how demanding the legal standard for this sort of a stay is:  "[T]he party seeking a stay must present substantial arguments for dismissal . . . Phrased otherwise, this standard requires a strong showing that the plaintiff's claim is unmeritorious."  *O'Sullivan v. Deutsche Bank AG*, 2018 WL 1989585 at *4 (S.D.N.Y. Apr. 26, 2018) (internal quotations omitted).

      VICE misleads the Court in its discussion of *Rivera v. Heyman*, 1997 WL 86394, at *1 (S.D.N.Y. 1997), falsely claiming that *Rivera* requires only "more than a minimal probability of success".  *See* VICE Letter at 2.  VICE intentionally omits the *Rivera* standard that the motion to dismiss must be "substantially grounded" for a stay of discovery to be granted—a much higher threshold than "more than minimal".  1997 WL 86394 at *1.

Hon. Alison J. Nathan
October 30, 2020
Re: *BYD Company Ltd. v. VICE Media LLC*, No. 20-CV-03281
Page 2

VICE cannot meet the "strong showing" standard stated in *O'Sullivan* (a 2018 case). Far from making a strong showing, VICE's Motion to Dismiss is weak and should be denied by the Court.

**First**, BYD has alleged that VICE published an article falsely stating that a report by the Australian Strategic Policy Institute ("ASPI") found that BYD had used Uyghur forced labor in its supply chain, when it had not. ASPI, a non-governmental organization whose accuracy and reliability have been publicly questioned, issued a report about the use of Uyghur forced labor in Chinese supply chains. The ASPI report did **not** say that BYD used Uyghur forced labor in its supply chain. It said only that BYD had done business with a company (Dongguan) which owned a subsidiary (Hubei) that allegedly used forced labor in manufacturing **other** companies' products—but not BYD's products. VICE published the article at issue, falsely stating that the ASPI report found that BYD had used Uyghur forced labor in its supply chain, when the report made no such finding. BYD has easily stated a meritorious claim for defamation under New York law: VICE published a false statement, which has injured BYD in its trade and profession, and caused damage to BYD.

BYD also has sufficiently pleaded actual malice: the VICE article purported to summarize the ASPI report, but did not, and VICE knew this. The ASPI report did not state that BYD used Uyghur forced labor in its supply chain, but VICE claims it did in its article. VICE misrepresented contents of the ASPI report and recklessly disregarded the "truth" of what was contained in the ASPI report.

Moreover, VICE claimed on page 2 of its Reply brief: "Hubei Yihong Precision Manufacturing Company, a subsidiary of Dongguan Yidong Electronic Co. Ltd, received a transfer of 105 Uyghur workers, and, according to Dongguan Yidong Electronic Co.'s website, it "suppl[ies] directly to BYD."

In other words, VICE represented to the Court that Dongguan, the parent company, said on its website that Hubei, the subsidiary, supplied directly to BYD. That was a gross misstatement of the ASPI report, which actually says on page 34 that Dongguan's website states that **Dongguan**, the **parent company**, supplies **directly to BYD**. The report **does not** say that Hubei, the subsidiary which ASPI accuses of using forced labor, supplies to BYD, **or** that Hubei has any relationship at all with BYD. Here is the key quotation from the ASPI report:

> According to their website, Dongguan Yidong Electronic Co. Ltd supply directly to BYD, Goertek, Mitsumi, TDK, Toshiba, BOE and Kyocera.

**Second**, BYD has alleged that VICE defamed it by stating in the VICE story at issue the false statement that President Trump "blacklisted" BYD from selling electric buses in the United States. Again, the truth was fully available to VICE. President Trump never did so. Rather, the U.S. Congress passed a statute that barred the purchase of transit vehicles from **any** Chinese company. VICE argues that this is effectively the same thing, and thus its story was a fair report of the legislation, but it plainly is not. The Congressional statute is broad and applies to any and all Chinese companies. There is no "list" of companies. The notion of a "blacklist" connotes

{00112505;5}

Hon. Alison J. Nathan
October 30, 2020
Re:  *BYD Company Ltd. v. VICE Media LLC*, No. 20-CV-03281
Page 3

that there is a list of companies who were singled out and barred from making sales because they engaged in some sort of wrongdoing, and BYD is on that list.  But that is not the case at all.

VICE defamed BYD with this statement by making a false statement of fact about BYD, which has caused BYD harm.  Actual malice is adequately pled because VICE knew that President Trump had not blacklisted BYD, and thus acted with reckless disregard for the truth.

VICE sought to earn revenue by capitalizing on its xenophobic story, stoking anti-China sentiment, generating clicks to its article with sinister—and knowingly false—allegations about a Chinese company, BYD.  This is exactly what defamation law seeks to remedy:  false, injurious statements that harm the plaintiff's reputation.

*Integrated Systems & Power, Inc. v. Honeywell International, Inc.*, 2009 WL 2777076 (S.D.N.Y. Sep. 1, 2009), cited by VICE, is distinguishable.  There, the Court examined the motion to dismiss and found it likely had merit.  Here, VICE's motion to dismiss does not.

BYD seeks to commence discovery to expeditiously move this case along toward a resolution.  There is no basis for the blanket stay requested by VICE.  At the very least, while the Motion to Dismiss is pending, the parties should be required to make initial disclosures and propound an initial set of basic written discovery requests to VICE (which is located in New York) and engage in any follow up meet-and-confer and law and motion related to that discovery.  "Should the complaint (or an amended complaint) be sustained…, commencement of the discovery process, while no doubt imposing some burden on defendants, will advance the ultimate disposition of th[e] action." *In re Chase Manhattan Corp. Sec. Litig.*, 1991 WL 79432, at *1; *Moran v. Flaherty*, 1992 WL 276913, at *2 ("[a]llowing discovery to go forward could move the action along toward a speedier resolution").

VICE's concern that discovery may need to be sought from foreign entities actually cuts against a stay.  If VICE is correct that international discovery will need to be conducted, then the process should begin immediately because whatever Letters of Request or other court processes are necessary will involve inherent delay in the foreign jurisdiction.  Moreover, the argument that discovery physically in China is grossly overstated on many levels: first, China is far safer than the U.S. in terms of Covid-19: a simple Google search of "China Covid-19 cases" and "US Covid-19 cases" reveals two charts showing China's extremely low, steady numbers, and US numbers spiking.  Moreover, depositions during Covid-19 shutdown have been by video conference and can be done in that matter here with any witnesses subject to discovery who are located in China. (VICE does not identify any such witnesses.)

If a ruling on the Motion to Dismiss is forthcoming in the next 2 to 4 weeks, BYD is happy to remain patient.  *See Spencer Trask Software & Information Services v. RPost International Ltd.*, 206 F.R.D. 367, 368 (S.D.N.Y. 2002) (permitting short stay where "the Court intends to decide the motion expeditiously").  However, if a ruling is not expected for more than a month, BYD opposes the discovery stay requested by VICE.

{00112505;5}

Hon. Alison J. Nathan
October 30, 2020
Re: *BYD Company Ltd. v. VICE Media LLC*, No. 20-CV-03281
Page 4

                          Very truly yours,

                          CHARLES J. HARDER Of
                          **HARDER LLP**

cc: All counsel of record via ECF